UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER SOTO, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>                                            Plaintiffs,<br><br>            -against-<br><br>ALLIANCE ELEVATOR COMPANY, LLC d/b/a UNITEC ELEVATOR COMPANY as successor by merger to ELTECH INDUSTRIES, INC and AMERICAN ELEVATOR GROUP, and AMERICAN ELEVATOR & MACHINE CORP.,<br><br>                                            Defendants. | Case. No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff ALEXANDER SOTO ("Soto") on behalf of himself, individually, and on behalf of all others similarly situated ("Plaintiff," "FLSA Plaintiffs" or "Rule 23 Plaintiffs," where appropriate), by and through his attorneys, JOSEPH & NORINSBERG, LLC, as and for his Complaint against ALLIANCE ELEVATOR COMPANY, LLC d/b/a UNITEC ELEVATOR COMPANY as successor by merger to ELTECH INDUSTRIES, INC and AMERICAN ELEVATOR GROUP ("Alliance") and AMERICAN ELEVATOR & MACHINE CORP. ("AEM"), (Alliance and AEM, collectively, "Defendants"), alleges upon knowledge as to himself and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action on behalf of himself and all others similarly situated to recover damages for Defendants' systemic and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 *et seq*., and New York Comp. Codes R. & Regs ("NYCRR") ; (iii) provisions of the NYLL requiring payment of wages, NYLL §§ 190, 198, and

198(1-a); (iv) the frequency of payment provisions of the NYLL requiring that manual workers be paid their full wages weekly, NYLL § 191(1)(a)(i); (v) the NYLL's requirement that employers furnish employees with wage statements and wage notices containing specific categories of accurate information on each payday, NYLL §§ 195(1) and (3), as codified in the New York Wage Theft Prevention Act ("WTPA"); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.    Defendants are in the elevator construction, maintenance, and modernization business and employ workers, laborers, and other related tradespeople to perform work throughout the State of New York including Manhattan.

3.    Defendants employed Plaintiff Soto to perform work in furtherance of Defendants' elevator construction, maintenance, and modernization business, throughout the State of New York including Manhattan, from approximately January 6, 2020, through on or about January 21, 2025.

4.    Throughout his employment with Defendants, Defendants willfully misclassified Plaintiff Soto as a "Shop Clerk" despite requiring Plaintiff to perform, and Plaintiff actually performing, the work corresponding to the "'A' Helper" trade classification.

5.    The hourly wage rate corresponding to the classification of "Shop Clerk" is lower than the hourly rate corresponding to the classification "'A' Helper" pursuant to the terms and conditions of Plaintiff's employment and the employment of all other similarly situated elevator tradespersons

6.    By knowingly misclassifying Plaintiff Soto's trade classification, Defendants willfully paid Plaintiff Soto at a lower wage rate.

7.    Plaintiff Soto suffered unpaid compensation in willful violation of both the FLSA and NYLL due to Defendants' willful misclassification of Plaintiff Soto's trade classification.

8.    Plaintiff therefore brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

9.    In addition, Defendants violated the NYLL and NYCRR in several respects.

10.    First, Defendants failed to pay Plaintiff all his wages owed in violation of NYLL's requiring payment of wages, NYLL §§ 190, 198, and 198(1-a).

11.    Second, Defendants failed to pay Plaintiff all his wages owed on a weekly basis as required for manual workers such as Plaintiff in violation of the NYLL's frequency of payments provisions, NYLL § 191(1)(a)(i).

12.    Third, Defendants failed to furnish Plaintiff with an accurate wage notice upon hire, and with accurate wage statements on each payday, separately violating NYLL §§ 195(1), and (3), respectively.

13.    Plaintiff therefore brings his NYLL claims pursuant to the class action provisions of Fed. R. Civ. P. 23(b)(3) on behalf of himself and all other similarly situated workers who worked for Defendants in New York.

## JURISDICTION AND VENUE

14.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 185 *et seq.*

15.    The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

16.    Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this

judicial district.

**PARTIES**

17.     At all relevant times, Plaintiff worked for Defendants in New York, including Manhattan, and was an "employee" entitled to the protections as defined in the FLSA, NYLL, and NYCRR.

18.     Defendant Alliance Elevator Company, LLC d/b/a Unitec Elevator Company as successor by merger to Eltech Industries, Inc. and American Elevator Group, is a foreign limited liability company engaged in the elevator construction, maintenance, and operations business throughout the State of New York, including Manhattan, with a principal place of business located at 36-36 33rd Street, Long Island City, NY 11106.

19.     Defendant American Elevator & Machine Corp., is a domestic business corporation engaged in the elevator construction, maintenance, and operations business throughout the State of New York, including Manhattan,  with a principal place of business located at 36-26 31st Street, Long Island City, NY 11106.

20.     At all times relevant, Defendants were, and are, enterprises engaged in interstate commerce in that they (i) have purchased goods, tools, and supplies such as elevator parts, construction equipment and related materials, for their businesses through the streams and channels of interstate commerce from vendors/suppliers that originated both in and out of New York state, and have had two or more employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell, and otherwise work with goods and materials that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00. This status subjects Defendants to the FLSA's overtime requirements as an enterprise.

21.    By way of one example, Defendants regularly required Plaintiff and similarly situated employees to handle, sell, or work with goods, tools, and supplies such as elevator parts, construction equipment and related materials, for their businesses, all of which Defendants purchased and transported through the ordinary channels of interstate commerce. Moreover, Defendants required Plaintiff and similarly situated employees to perform work involving and related to elevator construction, maintenance, and operations for Defendants' business, which were and are sold to in and out of state consumers alike, and which subjects Defendants to the FLSA's overtime requirements for individuals.

22.    Accordingly, Defendants were, and are, an employer of Plaintiff and similarly situated individuals within the meaning and intent of the FLSA, NYLL, and NYCRR.

## BACKGROUND FACTS

23.    Defendants are engaged in the elevator construction, maintenance, and modernization business throughout the State of New York, including Manhattan.

24.    Defendants employ laborers and workers in different trade classifications to perform work in furtherance of their elevator construction, maintenance, and modernization business throughout the State of New York including Manhattan.

25.    Defendants adhere to a schedule of wages which required, and continue to require, Defendants to pay Plaintiff and other similarly situated employees wages at rates corresponding to Plaintiff's and others' proper trade classifications.

26.    Plaintiff was covered by, and should have been paid pursuant to, the schedule of wages.

27.    Defendants employed Plaintiff Soto from approximately January 6, 2020, through approximately January 21, 2025. Plaintiff Soto performed work throughout the State of New York,

including Manhattan.

28.     Throughout his employment with Defendants, Defendants willfully misclassified Plaintiff Soto as a "Shop Clerk" despite requiring Plaintiff to perform, and Plaintiff actually performing, the work corresponding to the "'A' Helper" trade classification.

29.     By misclassifying Plaintiff Soto's trade classification, Defendants willfully paid Plaintiff Soto at a lower hourly rate because the hourly rate of a "Shop Clerk" is lower than the hourly rate of an "'A' Helper."

30.     Despite being misclassified as a "Shop Clerk," Plaintiff Soto's duties actually corresponded to the duties performed by an "'A' Helper," including, but not limited to, assisting the elevator mechanic in the field with elevator construction, maintenance, repair, and modernization work by carrying tools and materials, climbing into elevator shafts, and related tasks.

31.     Despite performing duties corresponding to the "'A' Helper" trade classification, Defendants' paid Plaintiff Soto at the "Shop Clerk" rate of $16.67 per hour.

32.     Plaintiff Soto should have been paid between $28.00 and $31.00 per hour.

33.     When Plaintiff Soto worked overtime hours after the first forty hours in a week, Plaintiff Soto was paid at one-and-one-half times the wrong hourly base rate thereby suffering unpaid compensation.

34.     Undoubtedly, Defendants' FLSA violations were willful, as demonstrated by Defendants' willful misclassification of Plaintiff and others similarly situated.

35.     Moreover, Defendants willfully failed to keep accurate and contemporaneous time and payroll records as required by the FLSA, the NYLL, and 12 NYCRR § 146-2.1, in furtherance of their efforts to conceal their unlawful conduct from Plaintiff and others similarly situated.

36.    Additionally, Defendants failed to pay Plaintiff all his wages owed on a weekly basis as required for manual workers such as Plaintiff in violation of the NYLL's frequency of payments provisions, NYLL § 191(1)(a)(i).

37.    Worse, on each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with an accurate paystub, wage statement, or other written document, failing to include, *inter alia*, his accurate, regular and overtime rates of pay during each pay period, that corresponded to his proper trade classification - further indications of Defendants' willful violations of the FLSA and bad faith refusal to attempt to comply with the law.

38.    Plaintiff suffered a concrete injury in fact due to Defendants' failure to provide timely and accurate wage statements on each pay day or an accurate wage notice upon hire because, lacking any real documentation from Defendants that showed their entitlement to be paid for all hours worked at the correct hourly rate that corresponded to their proper trade classification, and to be notified contemporaneously of his true hours and pay, Plaintiff was unable to meaningfully advocate for himself and others due to the lack of accurate information provided to them during each pay period from Defendants.

39.    If the Defendants had provided Plaintiff with an accurate wage notice upon hire indicating, *inter alia*, his lawful right to receive overtime at one and one-half times the correct regular rates of pay corresponding to his proper trade classifications, Plaintiff would have been able to advocate for himself and for his coworkers to be paid higher wages during their employment, exactly as Plaintiff is now doing through this action upon independently learning of his rights.

40.    Indeed, because Plaintiff was not aware that he should have received compensation at a rate of time and a half times the correct regular rates of pay corresponding to the proper trade

classifications in excess of forty in a workweek, Plaintiff waited years before raising his complaint against Defendants, causing him to lose the time-value of the money he should have earned if he was accurately appraised of his total hours worked each week.

41.    Defendants treated Plaintiff and FLSA Plaintiffs in the same manner as described above.

42.    Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

43.    Defendants acted in the manner described herein so as to minimize their overhead while unlawfully maximizing profits.

## COLLECTIVE ACTION ALLEGATIONS

44.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial workers of Defendants, who during the applicable FLSA limitations period, performed work for Defendants and who consent to file a claim to recover damages for overtime compensation that is legally due to them; and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

45.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly, in that Plaintiff and all FLSA Plaintiffs: (1) performed similar job duties and tasks, as described above; (2) were subject to the same laws and regulations; (3) were paid by Defendants in the same or similar manner; (4) were regularly required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective correct regular rates of pay corresponding to their proper trade classifications, for all hours worked per workweek in excess of forty.

46.    At all relevant times, Defendants have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rate

of pay corresponding to their proper trade classifications for all hours worked each workweek above forty, yet purposefully and willfully chose and choose not to do so.

47. Defendants' willful violations of the FLSA are evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Further, discovery will reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that underpaying its workers is an illegal practice.

48. The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

49. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

50. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

51. Plaintiff seeks certification of the following FRCP 23 class:

Current and former non-managerial workers who performed any work for any of the Defendants in New York during the statutory period within ("Rule 23 Plaintiffs").

52. All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

53. Moreover, Plaintiffs and the Rule 23 Plaintiffs have all been injured in that they

have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. For instance, Plaintiffs and the Rule 23 Plaintiffs have suffered a concrete injury in fact and as a result have been actually harmed by Defendants' nonpayment of proper overtime wages. Specifically, Plaintiffs and the Rule 23 Plaintiffs were deprived of their ability to purchase by Defendants' nonpayment of proper overtime wages, invest said wages, accrue interest on their wages, or otherwise utilize the value that their wages would have held had they been properly paid to Plaintiffs.

## Numerosity & Ascertainability

54.     During the applicable NYLL limitations period, the Defendants have, in total, employed at least 40 other employees that are putative members of this class.

55.     The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, time, and payroll records.

## Common Questions of Law and/or Fact

56.     There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Defendants compensated all regular and overtime wages due to Rule 23 Plaintiffs; (4) whether Defendants paid Rule 23 Plaintiffs all wages owed on a weekly basis as required for manual workers as required by NYLL § 191(1)(a)(i); (5) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage notice upon hire or accurate statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (6) whether the Defendants have kept and maintained accurate records of hours worked and wages earned; (7)

whether the Defendants kept and maintained records with respect to the compensation paid to Rule 23 Plaintiffs for each hour worked; (8) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of NYLL and WTPA; and (10) if so, what constitutes the proper measure of damages.

<u>**Typicality of Claims and/or Defenses**</u>

57.    As described herein, the Defendants employ(ed) Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. The Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants in New York; Defendants failed to pay them properly for all regular and overtime hours; and Defendants did not provide them with accurate wage notices upon hire or wage statements on each pay day as required by applicable law. Plaintiffs and the Rule 23 Plaintiffs enjoy all of the same statutory rights under the NYLL, inclusive of the requirements to be paid for all compensation due and to be furnished with accurate wage notices upon hire and wage statements on each payday.

58.    Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and WTPA. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>**Adequacy**</u>

59. Plaintiff, as described herein, worked the same or similar job duties as Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff at the correct regular or overtime rate for all hours worked, nor did Defendants furnish Plaintiffs with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

60. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have also subjected to the treatment alleged herein.

61. Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law. J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiff's counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions. Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

**Superiority**

62. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

63.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

64.     Any lawsuit brought by a worker based in New York and employed by Defendants would be identical to a suit brought by any other such employee for the same violations. Thus, separate litigation would risk inconsistent results.

65.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

66.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

67.     Defendants acted in the manner described herein so as to minimize its overhead while maximizing profits.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Unpaid Overtime under the FLSA*

68.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b) *et seq*.

70.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not

less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

71.    As described above, each Defendant is an "employer" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

72.    Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

73.    The Defendants' violations of the FLSA as described in this Complaint have been willful and intentional, demonstrated by, *inter alia*, their failure to post notice of the FLSA's requirements, to maintain accurate contemporaneous time records, and to accurately advise Plaintiffs of their right to be paid. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of Plaintiff nor FLSA Plaintiffs.

74.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their correct regular rate of pay corresponding to their proper trade classification.

75.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Unpaid Overtime under the NYLL and the NYCRR*

76.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.    N.Y. Lab. Law § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours

worked exceeding forty in a workweek.

78.     Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

79.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate him/them in accordance with the NYLL's and the NYCRR's overtime provisions.

80.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their correct rate of pay corresponding to their proper trade classification.

81.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Frequency of Payment Violations of the NYLL*

82.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83.     Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

84.     NYLL § 191(1)(a)(i) requires that "manual worker[s] shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned…."

85.     NYLL § 190(4) defines "Manual Worker" as a "mechanic, workingman or laborer."

86.     Pursuant to the NYLL, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action were, and are, "Manual Workers" entitled to receive all their wages no later than seven days after the end of the workweek.

87.     As described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, all their wages owed on a weekly basis as required for manual workers in violation of the frequency of payment provisions of the NYLL.

88.     Specifically, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs regular pay at his/their correct rate of pay corresponding to their proper trade classification and overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their correct rate of pay corresponding to their proper trade classification, within seven days of the end of the week in which those wages were earned.

89.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to regular and overtime pay for all hours worked at his/their correct rate of pay corresponding to their proper trade classification.

90.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's frequency of payment provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Wages in Violation of the NYLL*

91.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92.     Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning

of the NYLL.

93.     NYLL § 190 defines "wages" as "the earnings of an employee for labor or services rendered…."

94.     As described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, all their wages owed in violation of the NYLL.

95.     Specifically, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs regular pay at his/their correct rate of pay corresponding to their proper trade classification and overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their correct rate of pay corresponding to their proper trade classification, for all hours worked.

96.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to regular and overtime pay for all hours worked at his/their correct rate of pay corresponding to their proper trade classification.

97.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL and NYCRR*

98.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

99.     Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

100.    N.Y. Lab. Law § 195(1) requires that employers furnish employees with wage notices containing accurate, specifically enumerated criteria at the time of hire of the employee or prior to any change in the employee's hourly rates of pay.

101.    Similarly, 12 NYCRR § 146-2.2(a) mandates that, "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday."

102.    As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with accurate wage statements containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.2, *et seq*.

103.    Specifically, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage notice at the time of hire, or prior to any change in the employee's hourly rates of pay and that if/when Defendants did furnish a wage notices, it failed to include, *inter alia*, their correct regular and overtime rates of pay corresponding to their proper trade classification.

104.    Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL and the NYCRR*

105.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

106.    Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL.

107.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

108.    Similarly, 12 NYCRR § 146-2.3 mandates that, "[e]very employer shall provide to each employee a statement, commonly referred to as a pay stub, with every payment of wages," which "must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging) if any, deductions, and net wages."

109.    As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with accurate wage statements containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.3, *et seq*.

110.    Specifically, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage statements on a weekly basis, and that if/when Defendants did furnish a wage statements, it failed to include, *inter alia*, their correct regular and overtime rates of pay corresponding to their proper trade classification.

111.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

## **DEMAND FOR A JURY TRIAL**

112.    Pursuant to FRCP 38(b), Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand

a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Designation of this action as a Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiff and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

f.      Designation of Plaintiff and undersigned counsel as class and collective action representatives under the FRCP and FLSA;

g.     All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

h.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.     Awarding Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs, their costs and disbursements incurred in connection with this action, as well as their reasonable attorneys' fees, expert witness fees and other costs;

j.     Awarding Plaintiff with a service award for his role as class and collective action representative and in recognition for his dedication to the Rule 23 Class and FLSA Plaintiffs and his willingness to come forward as the lead Plaintiffs on behalf of the Rule 23 Plaintiffs and FLSA Plaintiffs;

k.     Pre-judgment and post-judgment interest, as provided by law; and

l.     Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       February 28, 2025

Respectfully submitted,

JOSEPH & NORINSBERG, LLC

By:    _____

Jon L. Norinsberg, Esq.
Michael R. Minkoff, Esq.
Joel L. Goldenberg, Esq.
110 East 59th Street, Suite 2300
New York, New York 10022
Tel.: (212) 227-5700
*Attorneys for Plaintiffs and Putative Class and Collective*