UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER SOTO, on behalf of himself,
individually, and on behalf of all others similarly
situated,

Plaintiff,

-against-

ALLIANCE ELEVATOR COMPANY, LLC d/b/a
UNITEC ELEVATOR COMPANY, as successor by
merger to ELTECH INDUSTRIES, INC and
AMERICAN ELEVATOR GROUP, and
AMERICAN ELEVATOR & MACHINE CORP.,

Defendants.

Case No. 1:25-cv-01735 (JLR)

**ORDER APPROVING
SETTLEMENT**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff brought this action on February 28, 2025, asserting claims against Defendants

for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, among other

state law claims. *See* Dkt. 1. On March 12, 2026, the parties notified the Court that they had

reached a settlement on Plaintiff's claims. Dkt. 43. On April 24, 2026, the parties filed an

application for approval of their proposed settlement agreement pursuant to *Cheeks v.*

*Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), with reference to the factors

identified in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See*

Dkt. 47. On May 7, 2026, the Court held a hearing regarding the application. *See* Dkt. 48.

The Court has reviewed the parties' application and proposed settlement agreement

and, for the reasons stated on the record at the hearing, finds that the settlement is fair and

reasonable. The Court also finds that the requested attorneys' fees and costs are reasonable.

*See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (explaining that *Cheeks* review

"extends to the reasonableness of attorneys' fees and costs"). Plaintiff and his counsel

"agreed in advance that [counsel] would be entitled to one-third of the settlement as attorney's

fees," no class has been certified, the proposed settlement would not create a common fund, and there is no indication that the contingency fee arrangement was the result of "overreaching or of any deceptive conduct." *Puerto v. Happy Life Home Health Agency Inc.*, 704 F. Supp. 3d 403, 406-07 (S.D.N.Y. 2023); *accord Paulino v. S & P Mini Mkt. Corp.*, 790 F. Supp. 3d. 319, 332-33 (S.D.N.Y. 2025).

As provided in the proposed settlement agreement, the parties' attorneys shall "take all steps necessary to request the . . . entry of" a stipulation of dismissal with prejudice "upon full execution of" the proposed settlement agreement. *See* Dkt. 47-1 at 3.

The Clerk of Court is respectfully directed to terminate the open motions at Dkt. 27 and Dkt. 47.

Dated: May 7, 2026
       New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge

2